**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **JODY B. COLEMAN and** | ) | |
| **THOMAS E. MCCOY,** | ) | |
| | ) | Case No.: |
| Plaintiff, | ) | |
| | ) | Complaint for Violation of Civil Rights |
| v. | ) | |
| | ) | **JURY DEMANDED** |
| City of Chicago Police Officers Enrique | ) | |
| Delgado Fernandez, Star No. 6261, | ) | |
| Lawrence Kerr, Star No. 4871, and | ) | |
| Unknown and Unnamed Persons, | ) | |
| | ) | |
| Defendants. | ) | |

**JURISDICTION AND VENUE**

1.      This action arises under the United States Constitution and the Civil Rights Act of

1871 (42 U.S.C. Section 1983). This Court has jurisdiction under and by virtue of 28 U.S.C.

Sections 1331 and 1343.

2.      The venue is founded in this judicial Court upon 28 U.S.C. Section 1391 as the acts

complained of arose in this district.

**PARTIES**

3.      At all times mentioned herein, Plaintiffs JODY B. COLEMAN ("Coleman") and

THOMAS E. MCCOY ("McCoy") (collectively "Plaintiffs") were and are citizens of the United

States and were within the jurisdiction of this Court.

4.      At all times mentioned herein, Defendant Officers Enrique Delgado Fernandez,

Star No. 6261, Lawrence Kerr, Star No. 4871, and unknown and unnamed persons (Collectively

"Defendants") were employed by the City of Chicago Police Department and acted under the color

of state law and as the employee, agent, or representative of the City of Chicago Police Department. Plaintiffs are suing Defendants in their individual capacities.

## FACTUAL ALLEGATIONS

5.      On or about August 11, 2020, at all times material, McCoy resided in and was inside his apartment at 3018 W. Marquette Rd. #1 Chicago, Illinois.

6.      On or about August 11, 2020, at all times material, Coleman lawfully parked his motor vehicle at or near 3018 W. Marquette Rd. #1 Chicago, Illinois, and legally entered McCoy's apartment.

7.      On or about August 11, 2020, at all times material, multiple Defendants pulled up in a police vehicle onto the courtyard of 3018 W. Marquette Rd. #1 Chicago, Illinois.

8.      Defendants broke down the door to 3018 W. Marquette Rd. #1 Chicago, Illinois, entered the residence, and commanded Plaintiffs to lay down on the floor.

9.      Defendants did not have a search warrant.

10.     Plaintiffs immediately laid down, and Defendants handcuffed Plaintiffs.

11.     Upon handcuffing Plaintiffs and leaving them on the ground, Defendants searched Plaintiffs and the apartment for an extended period of time.

12.     After failing to find any contraband in the apartment, Defendants uncuffed Plaintiffs and left the apartment.

13.     There was no just cause to enter the apartment, handcuff Plaintiffs, detain and/or arrest Plaintiffs, or search the apartment.

14.     As a direct and proximate result of one or more of the above-mentioned actions and/or omissions by Defendants, Plaintiffs suffered significant injuries, including but not limited

2

to the loss of liberty, invasion of privacy, humiliation and indignities, and suffered great mental and emotional pain in an amount yet to be ascertained.

15.     The actions and/or omissions mentioned above by Defendants were willful, wanton, malicious, oppressive, and done with reckless indifference and/or callous disregard for Plaintiffs' rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

16.     By reason of the above-mentioned actions and/or omissions by Defendants, Plaintiffs retained attorneys to institute, prosecute, and render legal assistance to them in the within action so that they might vindicate the loss and impairment of their rights. By reason thereof, Plaintiffs request payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

**COUNT I**
**PLAINTIFF MCCOY AGAINST KNOWN AND UNKNOWN DEFENDANTS FOR**
**UNREASONABLE SEARCH OF HIS APARTMENT**

17.     McCoy hereby incorporates and realleges paragraphs one (1) through sixteen (16) hereat as though fully set forth at this place.

18. Defendants deprived McCoy of his rights, privileges, and immunities secured to him by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

19. The arbitrary intrusion by Defendants into the security and privacy of McCoy and his apartment violated McCoy's Constitutional Rights and was not authorized by law. Defendants violated McCoy's rights by searching his apartment without just cause and caused excessive and unnecessary property damage to his apartment. The foregoing was unnecessary, unreasonable, and excessive, violating McCoy's rights. Accordingly, Defendants are liable to McCoy pursuant to 42 U.S.C. § 1983.

## COUNT II
## PLAINTIFFS AGAINST KNOWN AND UNKNOWN DEFENDANTS FOR WRONGFUL DETENTION AND/OR ARREST

20.     Plaintiffs hereby incorporate and reallege paragraphs one (1) through sixteen (16) hereat as though fully set forth at this place.

21.     Defendants deprived Plaintiffs of their rights, privileges, and immunities secured to them by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

22.     The arbitrary detention and/or arrest of Plaintiffs violated their Constitutional Rights and were not authorized by law. Defendants violated Plaintiffs' rights by handcuffing and unlawfully detaining and/or arresting Plaintiffs without just cause. The foregoing was unnecessary, unreasonable, excessive, and therefore violated Plaintiffs' rights. Accordingly, Defendants are liable to Plaintiffs pursuant to 42 U.S.C. § 1983.

## COUNT III
## PLAINTIFFS AGAINST KNOWN AND UNKNOWN DEFENDANTS FOR UNREASONABLE SEARCH

23.     Plaintiffs hereby incorporate and reallege paragraphs one (1) through fifteen (15) hereat as though fully set forth at this place.

24.     Defendants deprived Plaintiffs of their rights, privileges, and immunities secured to them by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

25.     The arbitrary intrusion by Defendants into the security and privacy of Plaintiffs' person violated their Constitutional Rights and was not authorized by law. Defendants violated Plaintiffs' rights by subjecting them to an unlawful search of their person without just cause. The foregoing was unnecessary, unreasonable, excessive, and therefore violated Plaintiffs' rights.

4

Accordingly, Defendants are liable to Plaintiffs pursuant to 42 U.S.C. § 1983.

**WHEREFORE**, Plaintiff, JODY B. COLEMAN and THOMAS E. MCCOY, by and through their attorneys, ED FOX & ASSOCIATES, request judgment as follows:

1. That Defendants to pay Plaintiffs' general damages, including emotional distress, in a sum to be ascertained;

2. That Defendants to pay Plaintiffs' special damages;

3. That Defendants to pay Plaintiffs' attorneys fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act, or any other applicable provision;

4. That Defendants to pay punitive and exemplary damages in a sum to be ascertained;

5. That Defendants to pay Plaintiffs' costs of the suit herein incurred; and

That Plaintiffs have such other and further relief as this Court may deem just and proper.

BY:  /s/ Peter T. Sadelski
Peter T. Sadelski
ED FOX & ASSOCIATES, LTD.
Attorneys for Plaintiffs
300 West Adams, Suite 330
Chicago, Illinois 60606
(312) 345-8877
psadelski@efoxlaw.com

**PLAINTIFFS HEREBY REQUEST A TRIAL BY JURY**

BY:  /s/ Peter T. Sadelski
Peter T. Sadelski
ED FOX & ASSOCIATES, LTD.
Attorneys for Plaintiffs
300 West Adams, Suite 330
Chicago, Illinois 60606
(312) 345-8877
psadelski@efoxlaw.com