IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JODY B. COLEMAN and THOMAS E. MCCOY, | ) ) ) | 22 C 2130 |
| Plaintiff, | ) ) | Judge Steven C. Seeger |
| v. | ) ) | Magistrate Jeffrey T. Gilbert |
| City of Chicago Police Officers Enrique Delgado Fernandez, Star No. 6261, Lawrence Kerr, Star No. 4871, and Unknown and Unnamed Persons, | ) ) ) ) ) | |
| Defendants. | ) | |

## DEFENDANT OFFICERS' ANSWER TO PLAINTIFFS' COMPLAINT, AFFIRMATIVE DEFENSES AND JURY DEMAND

NOW COME Defendants Enrique Delgado Fernandez ("Defendant Delgado Fernandez") and Lawrence Kerr ("Defendant Kerr"), (collectively "Defendant Officers"), by and through one of their attorneys, Alexander Michelini, Assistant Corporation Counsel III, and for their answer to Plaintiffs' Complaint, Affirmative Defenses and Jury Demand, state as follows:

### JURISDICTION AND VENUE

1.  This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983). This Court has jurisdiction under and by virtue of 28 U.S.C. Sections 1331 and 1343.

**ANSWER: Defendant Officers admit jurisdiction is proper.**

2.  The venue is founded in this judicial Court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

**ANSWER: Defendant Officers admit venue is proper; but deny any allegations of wrongdoing or other misconduct.**

### PARTIES

3. At all times mentioned herein, Plaintiffs JODY B. COLEMAN ("Coleman") and THOMAS E. MCCOY ("McCoy") (collectively "Plaintiffs") were and are citizens of the United States and were within the jurisdiction of this Court.

**ANSWER: Defendant Officers lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.**

4. At all times mentioned herein, Defendant Officers Enrique Delgado Fernandez, Star No. 6261, Lawrence Kerr, Star No. 4871, and unknown and unnamed persons (Collectively "Defendants") were employed by the City of Chicago Police Department and acted under the color of state law and as the employee, agent, or representative of the City of Chicago Police Department. Plaintiffs are suing Defendants in their individual capacities.

**ANSWER: Defendant Officers admit that at all times relevant hereto they were employed by the City of Chicago as Chicago Police Officers and acting under color of law and within the scope of their employment. Defendant Officers deny the remaining allegations contained in this paragraph. Defendant Officers make no answer for any unidentified or unnamed officers.**

## FACTUAL ALLEGATIONS

5. On or about August 11, 2020, at all times material, McCoy resided in and was inside his apartment at 3018 W. Marquette Rd. #1 Chicago, Illinois.

**ANSWER: Defendant Officers lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.**

6. On or about August 11, 2020, at all times material, Coleman lawfully parked his motor vehicle at or near 3018 W. Marquette Rd. # 1 Chicago, Illinois, and legally entered McCoy's apartment.

**ANSWER: Defendant Officers deny that this paragraph truly and accurately describes the incident in question and therefore deny the allegations of this paragraph.**

7. On or about August 11, 2020, at all times material, multiple Defendants pulled up in a police vehicle onto the courtyard of 3018 W. Marquette Rd. #1 Chicago, Illinois.

**ANSWER: Defendant Officers deny that this paragraph truly and accurately describes the incident in question and therefore deny the allegations of this paragraph.**

8. Defendants broke down the door to 3018 W. Marquette Rd. #1 Chicago, Illinois, entered the residence, and commanded Plaintiffs to lay down on the floor.

**ANSWER: Defendant Officers admit to the allegations contained in this paragraph but deny any allegations of wrongdoing or other misconduct.**

      9.      Defendants did not have a search warrant.

**ANSWER: Defendant Officers admit to the allegations contained in this paragraph but deny any allegations of wrongdoing or other misconduct.**

      10.      Plaintiffs immediately laid down, and Defendants handcuffed Plaintiffs.

**ANSWER: Defendant Officers deny that this paragraph truly and accurately describes the incident in question and therefore deny the allegations of this paragraph.**

      11.      Upon handcuffing Plaintiffs and leaving them on the ground, Defendants searched Plaintiffs and the apartment for an extended period of time.

**ANSWER: Defendant Officers deny that this paragraph truly and accurately describes the incident in question and therefore deny the allegations of this paragraph.**

      12.      After failing to find any contraband in the apartment, Defendants uncuffed Plaintiffs and left the apartment.

**ANSWER: Defendant Officers deny that this paragraph truly and accurately describes the incident in question and therefore deny the allegations of this paragraph.**

      13.      There was no just cause to enter the apartment, handcuff Plaintiffs, detain and/or arrest Plaintiffs, or search the apartment.

**ANSWER: Defendant Officers deny the allegations contained in this paragraph.**

      14.      As a direct and proximate result of one or more of the above-mentioned actions and/or omissions by Defendants, Plaintiffs suffered significant injuries, including but not limited to the loss of liberty, invasion of privacy, humiliation and indignities, and suffered great mental and emotional pain in an amount yet to be ascertained.

**ANSWER: Defendant Officers deny the allegations contained in this paragraph.**

      15.      The actions and/or omissions mentioned above by Defendants were willful, wanton, malicious, oppressive, and done with reckless indifference and/or callous disregard for Plaintiffs' rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

**ANSWER: Defendant Officers deny the allegations contained in this paragraph.**

16. By reason of the above-mentioned actions and/or omissions by Defendants, Plaintiffs retained attorneys to institute, prosecute, and render legal assistance to them in the within action so that they might vindicate the loss and impairment of their rights. By reason thereof, Plaintiffs request payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

**ANSWER: Defendant Officers deny the allegations contained in this paragraph.**

## COUNT I
### PLAINTIFF MCCOY AGAINST KNOWN AND UNKNOWN DEFENDANTS FOR UNREASONABLE SEARCH OF HIS APARTMENT

17. McCoy hereby incorporates and real leges paragraphs one (1) through sixteen (16) hereat as though fully set forth at this place.

**ANSWER: Defendant Officers reassert their answers contained in foregoing paragraphs and incorporate their answers herein, as though fully stated. Defendant Officers make no answer for any unidentified or unnamed officers.**

18. Defendants deprived McCoy of his rights, privileges, and immunities secured to him by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

**ANSWER: Defendant Officers deny the allegations contained in this paragraph. Defendant Officers make no answer for any unidentified or unnamed officers.**

19. The arbitrary intrusion by Defendants into the security and privacy of McCoy and his apartment violated McCoy's Constitutional Rights and was not authorized by law. Defendants violated McCoy's rights by searching his apartment without just cause and caused excessive and unnecessary property damage to his apartment. The foregoing was unnecessary, unreasonable, and excessive, violating McCoy's rights. Accordingly, Defendants are liable to McCoy pursuant to 42 U.S.C. § 1983.

**ANSWER: Defendant Officers deny the allegations contained in this paragraph. Defendant Officers make no answer for any unidentified or unnamed officers.**

## COUNT II
### PLAINTIFFS AGAINST KNOWN AND UNKNOWN DEFENDANTS FOR WRONGFUL DETENTION AND/OR ARREST

20. Plaintiffs hereby incorporate and reallege paragraphs one (1) through sixteen (16) hereat as though fully set forth at this place.

**ANSWER: Defendant Officers reassert their answers contained in foregoing paragraphs and incorporate their answers herein, as though fully stated. Defendant Officers make no answer for any unidentified or unnamed officers.**

21. Defendants deprived Plaintiffs of their rights, privileges, and immunities secured to them by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

**ANSWER: Defendant Officers deny the allegations contained in this paragraph. Defendant Officers make no answer for any unidentified or unnamed officers.**

22. The arbitrary detention and/or arrest of Plaintiffs violated their Constitutional Rights and were not authorized by law. Defendants violated Plaintiffs' rights by handcuffing and unlawfully detaining and/or arresting Plaintiffs without just cause. The foregoing was unnecessary, unreasonable, excessive, and therefore violated Plaintiffs' rights. Accordingly, Defendants are liable to Plaintiffs pursuant to 42 U.S.C. § 1983.

**ANSWER: Defendant Officers deny the allegations contained in this paragraph. Defendant Officers make no answer for any unidentified or unnamed officers.**

### COUNT III
### PLAINTIFFS AGAINST KNOWN AND UNKNOWN DEFENDANTS FOR UNREASONABLE SEARCH

23. Plaintiffs hereby incorporate and reallege paragraphs one (1) through fifteen (15) hereat as though fully set forth at this place.

**ANSWER: Defendant Officers reassert their answers contained in foregoing paragraphs and incorporate their answers herein, as though fully stated. Defendant Officers make no answer for any unidentified or unnamed officers.**

24. Defendants deprived Plaintiffs of their rights, privileges, and immunities secured to them by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

**ANSWER: Defendant Officers deny the allegations contained in this paragraph. Defendant Officers make no answer for any unidentified or unnamed officers.**

25. The arbitrary intrusion by Defendants into the security and privacy of Plaintiffs' person violated their Constitutional Rights and was not authorized by law. Defendants violated Plaintiffs' rights by subjecting them to an unlawful search of their person without just cause. The

foregoing was unnecessary, unreasonable, excessive, and therefore violated Plaintiffs' rights. Accordingly, Defendants are liable to Plaintiffs pursuant to 42 U.S.C. § 1983.

**ANSWER: Defendant Officers deny the allegations contained in this paragraph. Defendant Officers make no answer for any unidentified or unnamed officers.**

## JURY DEMAND

Defendant Officers hereby request a trial by jury.

## AFFIRMATIVE DEFENSES

1. The Defendant Officers are government officials, namely police officers, who perform discretionary functions. At all times material to the event alleged in Plaintiff's Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted the Defendant Officers could have believed his actions to be lawful, in light of clearly established law and the information that the Defendant Officers possessed. The Defendant Officers, therefore, are entitled to qualified immunity on Plaintiff's 42 U.S.C. § 1983 claims.

2. Defendant Officers cannot be held liable for Plaintiff's 42 U.S.C. § 1983 claims unless each individually caused or participated in an alleged constitutional deprivation because individual liability for damages under 42 U.S.C. § 1983 is predicated upon personal responsibility. See *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983).

3. To the extent Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff had a duty to mitigate his claimed injuries and damages, commensurate with the degree of failure to mitigate attributed to Plaintiff by the jury in this case.

Dated: June 27, 2022

Respectfully Submitted,

*/s/ Alexander Michelini*
Assistant Corporation Counsel III

Gregory Beck, Assistant Corporation Counsel Supervisor
Alexander Michelini, Assistant Corporation Counsel
City of Chicago Department of Law
Federal Civil Rights Litigation Division
2 North LaSalle Street, Suite 420
Chicago, Illinois 60602
(312) 744-7684
alexander.michelini2@CityofChicago.org

**CERTIFICATE OF SERVICE**

      I, Alexander Michelini, an attorney, certify that on June 27, 2022 I served a copy of this motion upon all counsel of record via email and by filing the same before the Court via the ECF system on June 27, 2022.

Peter T. Sadelski
300 West Adams, Suite 330
Chicago, Illinois 60606
(312) 345-8877
psadelski@efoxlaw.com

                                                         */s/ Alexander Michelini*
                                                         Assistant Corporation Counsel III